IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30681
Summary Calendar
_____


UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

                     versus

HENRY E. CRUZ-TORRES,

       Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-50072-ALL
_____

December 19, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Following a conditional guilty plea to possession with intent to distribute marijuana, Henry E. Cruz-Torres appeals the district court's denial of his motion to suppress. He argues that the district erred on three grounds: (1) the district court erroneously relied on *United States v. Fort*[1] in determining that the state

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 248 F.3d 475 (5th Cir.), *cert. denied*, 122 S. Ct. 405 (2001).

trooper had authority to make a warrantless stop of his commercial vehicle under the regulatory exception to the Fourth Amendment's warrant requirement; (2) the regulations pursuant to which the state trooper was operating did not give him the authority to board the bed of the commercial truck Cruz-Torres was driving and inspect its cargo; and (3) Cruz-Torres's consent to search was involuntarily given.

In reviewing the denial of the defendant's motion to suppress, we review the district court's factual findings for clear error and its legal conclusions *de novo*.[2] "We view the evidence in the light most favorable to the party that prevailed in the district court," here the government.[3]

Cruz-Torres concedes that *Fort* forecloses his first argument but urges that we reconsider that prior panel decision. This we cannot do, and so we are bound by *Fort*.[4]

Cruz-Torres's argument that the vehicle safety inspection regulations did not authorize the trooper's actions is inadequately briefed. Cruz-Torres cites only to the trooper's own testimony at the suppression hearing and does not call our attention to any

---

[2] *United States v. Hunt*, 253 F.3d 227, 229-30 (5th Cir. 2001).

[3] *Id.* at 230.

[4] *See United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999).

federal or state regulations that support his argument. Accordingly, we consider this issue waived.[5]

Cruz-Torres finally argues that his consent to search was vitiated by the allegedly illegal initial stop and the trooper's peering into the window of the car Cruz-Torres was carrying on his commercial vehicle. He also argues that "there is little support for finding appellant's consent to search was voluntarily given."

We have already rejected Cruz-Torres's challenge to the constitutionality of his stop and the trooper's actions prior to his consent and so do not address the first part of this argument.[6] As to the second part, we find sufficient support, under the clear error standard, for the district court's finding that Cruz-Torres's consent to search was voluntarily given.[7] We note that, "'[w]here the judge bases a finding of consent on the oral testimony at a suppression hearing, the clearly erroneous standard is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses.'"[8] This court considers six factors in evaluating the voluntariness of consent to search, all of which are

---

[5] *See Trevino v. Johnson*, 168 F.3d 173, 181 n.3 (5th Cir. 1999).

[6] *See United States v. Navarro*, 169 F.3d 228, 231-32 (5th Cir. 1999).

[7] *See United States v. Cooper*, 43 F.3d 140, 144 (5th Cir. 1995).

[8] *United States v. Kelley*, 981 F.2d 1464, 1470 (5th Cir. 1993) (quoting *United States v. Sutton*, 850 F.2d 1083, 1086 (5th Cir. 1988)).

relevant, but no one of which is dispositive or controlling.[9] Based on the district court's specific findings as to the relevant factors, and considering the evidence as a whole, we conclude that the district court's ultimate finding, that Cruz-Torres voluntarily consented to the search, was not clearly erroneous or influenced by an incorrect view of the law.

AFFIRMED.

---

[9] *Id.*